


**ORDERED in the Southern District of Florida on June 22, 2016.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**IN RE:**

**FAINA MEDVED** **Case No. 15-28502-BKC-AJC**
**Chapter 7**

**Debtor.**
**_____________________________________/**

**ORDER OVERRULLING CREDITOR'S OBJECTION TO CLAIMED EXEMPTIONS AND DENYING MOTION TO COMPEL SURRENDER AND TURNOVER**

THIS MATTER came before the Court on May 24, 2016, upon Creditor's, Barry E. Mukamal, as Chapter 7 Trustee of the Bankruptcy Estate of Marta Solodko-Gimenez ("Mukamal"), *Objection to Claimed Exemptions and Motion to Compel Surrender and Turnover* [D.E. #68] ("Objection") and the Response thereto [D.E. #77] filed by Debtor, FAINA MEDVED ("Debtor"). The Court having reviewed Mukamal's Motion and the Debtor's Response, having heard argument of Mukamal's and the Debtor's counsel, overrules the objection and denies the motion to compel.

**Case No. 15-28502-AJC**

**UNDISPUTED FACTS**

**1.** The Debtor commenced this case on October 19, 2105, by filing a voluntary Petition under Chapter 7 of Title 11 of the United States Code (the "Chapter 7 Case").

**2.** On or about June 28, 2000, the Debtor acquired, real property located at 300 Bayview Drive, Apt. 2101, Sunny Isles Beach, FL 33160 (the "Property"). The Debtor alleges that the Property was acquired with funds gifted to her by her niece.

**3.** As alleged by the Debtor, due to the Debtor's unfamiliarity with U.S. property laws and her apprehension of holding title in her name, the Property was initially titled in the name of the Debtor's daughter, Marta Solodko-Gimenez ("Solodko").

**4.** On August 10, 2000, approximately one month after acquisition of the Property, Solodko added the Debtor on the title, executing a quit claim deed to herself (Solodko) and the Debtor/Medved as joint tenants with right of survivorship.

**5.** On July 15, 2009, a quit claim deed was executed by Solodko conveying title to the Property solely in the name of the Debtor/Medved.

**6.** After encountering financial difficulties, Solodko filed a Chapter 13 bankruptcy on December 31, 2009. That case was converted to a Chapter 7 on July 6, 2011 and Mukamal was appointed as the Chapter 7 trustee.

**7.** Mukamal, as Chapter 7 Trustee in the Solodko bankruptcy case, filed an adversary proceeding against Debtor Medved seeking to avoid and recover the transfer of the Property from Solodko to Medved, as an alleged fraudulent transfer. The Complaint also sought declaratory relief. *Barry E. Mukamal, as Chapter 7 Trustee v. Faina Medved*, Adv. No. 11-3105-BKC-AJC-A ("2011 Adversary Case").

**8.** In an Order Denying Plaintiff's Verified Motion for Summary Final Judgment (CP# 56) and Denying Faina Medved's Cross Motion for Summary Final Judgment (CP# 63) [DE 81] entered in the 2011 Adversary Case ("Order Denying Motion for Summary Judgment"), the Court stated "[t]he July 15, 2009 transfer was a transfer of an unrestricted interest in property of [Solodko]" and Solodko received no value in exchange for such transfer. The Court rejected the "bare legal title" argument, stating it did not appear a trust relationship existed between the parties. However, the Court agreed to hear evidence at a trial regarding this issue so as to provide the Defendant/Medved an opportunity to persuade the Court that a trust relationship existed at the time of the transfer, cementing her position that Solodko held only bare legal title. "If the Defendant cannot prove a trust relationship, then the Debtor will not be deemed to have held bare legal title to the Property, and the transfer without any consideration is a transfer for less than equivalent value."

**9.** In denying the Motions for summary judgment, this Court further held that factual issues remained as to whether Solodko was insolvent at the time of the July 15, 2009 transfer. Based upon evidence in the record, including Solodko's bankruptcy schedules, this Court concluded no balance-sheet insolvency was established to prove that, at the time of the transfer, the value of Solodko's assets exceeded her liabilities.

**10.** At the time this Court scheduled trial, Debtor/Medved demanded a trial by jury and sought withdrawal of the reference, which was granted by the U.S. District Court. Thus, on December 16, 2013, this Court transferred the 2011 Adversary Case to the District Court for trial. Trial was set by the District Court for the two week period commencing November 16, 2015.

**11.** That litigation was stayed by the filing of this Chapter 7 Case on October 19, 2015 by Debtor/Medved. Mukamal has not sought relief from the stay to proceed with the 2011 Adversary Case.

**12.** Debtor/Medved has continuously resided at the Property and has listed the Property on her Schedule A and claimed it as exempt pursuant to Art. X, § 4, Fla. Const., on her Schedule C, notwithstanding the allegations regarding the alleged fraudulent transfer. The Debtor contends Mukamal is a contingent creditor because he never obtained a final judgment at trial determining Debtor received a fraudulent transfer.

**13.** Mukamal objects to the Debtor's claimed homestead exemption. He argues that the Debtor may not claim the Property as exempt because the Debtor obtained Solodko's half interest in the Property through a fraudulent transfer that occurred more than six years before the Debtor filed her bankruptcy case.

**ANALYSIS**

Section 541 of the Bankruptcy Code defines property of the bankruptcy estate.

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541. On the date the Chapter 7 Case was commenced, the Debtor owned full legal and equitable title to the Property. Therefore, the Debtor's Property, according to § 541(a)(1), is property of the Debtor's estate, subject to the Debtor's claimed exemptions.

Section 522 of the Bankruptcy Code provides for exemptions from property of the estate.

> (b)(1) Notwithstanding section 541of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection.
>
> * * *
>
> (3) Property listed in this paragraph is–
>
> (A) subject to subsections (o) and (p), any property that is exempt under federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition . . .

11 U.S.C. § 522. In this case, the Debtor has been domiciled in the State of Florida for more than 730 days. Accordingly, this Debtor claims exemptions in accordance with Florida statutory and constitutional law. Fla. Stat. §§ 222.20 and 222.201. The Florida Constitution provides for a homestead exemption.

> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
>
> (1) a homestead, . . . if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family.

Art. X, § 4, Fla. Const.. The Debtor has claimed the Property exempt as her homestead on her bankruptcy Schedule A.

From a review of the record, the Court concludes the Debtor meets the qualifications necessary to claim the homestead exemption on the Property.

> [I]n order for a court to allow a debtor's claim of a homestead exemption under the Florida Constitution, a debtor must establish by a preponderance that (1) debtor is a natural person; (2) the real property at issue qualifies as a "homestead"; and (3) the claimed homestead fits within the size guidelines for rural or municipal property set down in § 4(a)(1).
>
> Nevertheless, a court may disallow a qualified homestead exemption if a creditor proves by a preponderance that one of the three stated exceptions to the homestead exemption applies in a particular case: (1) the tax lien exception; (2) the contractual lien exception; and (3) the service lien exception.
>
> A court must strictly construe the constitutional exceptions to the homestead exemption in favor of exemption claimants and against challengers. See *In re Haning*, 252 B.R. 799, 806 (Bankr. M.D. Fla. 2000).

*In re Lowery*, 262 B.R. 875, 879 (Bankr. M.D. Fla. 2001). The Debtor is a natural person; she has resided continuously at the Property since it was purchased on June 28, 2000; and the Property is located within a municipality and is less than one-half acre in size. None of the exceptions to the homestead exemption are applicable to Mukamal's objection.

Mukamal argues that the Debtor should not be permitted to claim a homestead exemption where the Debtor obtained the homestead through a fraudulent transfer. However, Mukamal has not fully and finally established the existence of a fraudulent transfer and as such is only a contingent creditor in this Chapter 7 Case. Although Mukamal sued the Debtor in the Solodko bankruptcy case to avoid Solodko's transfer of her interest in the Property to the Debtor, there has been no ultimate and final determination that such transfer was fraudulent or avoidable.[1] In

[1] The reference was withdrawn and the case was transferred to the U.S. District Court for the Southern District of Florida for such determinations, but this Chapter 7 Case was filed prior to any determinations being made.

fact, in the Order Denying Motions for Summary Judgment, this Court questioned whether Mukamal had met all of the necessary elements for his claim to avoid a fraudulent transfer pursuant to 11 U.S.C. § 548. In denying Mukamal's motion for summary final judgment, this Court held that factual issues remained as to whether Solodko was insolvent at the time of the July 15, 2009 transfer, as it appeared from the record that, at the time of the transfer, she was not insolvent. In the absence of establishing insolvency, the fraudulent transfer case fails.

Denial of the Debtor's claim of homestead exemption prior to a determination of a fraudulent transfer is premature. Moreover, compelling surrender or turnover of the Property is premature without any final determination a fraudulent transfer occurred.

Although the Florida Supreme Court, in *Havoco of America, Ltd. v. Hill*, 790 So.2d 1018, 1028 (Fla. 2001), explained that, under a rare and limited circumstance, it would permit an additional exception to Florida's homestead exemption, the facts concerning the July 15, 2009 transfer do not lend themselves to the additional exception referenced by the *Havoco* Court.

> We have invoked equitable principles to reach beyond the literal language of the excepts (sic) only where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead.

There has not been egregious conduct. The Debtor did not fraudulently obtain funds from Solodko to purchase or improve her homestead, nor did she engage in any egregious conduct to acquire or improve her homestead, which has been her homestead since the money arrived from her niece for the purpose of acquiring the Property for her (Medved).

Mukamal alleges the Debtor received the Property for less than equivalent value – a fraudulent transfer without the traditional fraud. The July 15, 2009 transfer was not an

instrumentality to convert any of this Debtor's assets from non-exempt to exempt or to defraud the Debtor's creditors. At the time of the July 15, 2009 transfer, the Debtor already held and claimed the Property as homestead.

In *In re Alexander*, 346 B.R. 546 (Bankr. M.D. Fla. 2006), the court defined the qualifications necessary to claim a homestead exemption, even if the claimant does not possess record title.

> To qualify for Florida's homestead exemption, an individual must have an ownership interest in a residence that gives the individual the right to use and occupy it as his or her place of abode. As a general rule, the individual claiming the exemption need not hold fee simple title to the property. Rather, in order to claim property in which the individual resides as exempt it is sufficient that: (1) the individual have a legal or equitable interest which gives the individual the legal right to use and possess the property as a residence; (2) the individual have the intention to make the property his or her homestead; and (3) the individual actually maintain the property as his or her principal residence.

*Id.* at 547, 548. The Debtor has met each of these requirements since the time the Property was acquired on June 28, 2000. Even though the Debtor jointly owned the Property with Solodko prior to the July 15, 2009 transfer, she had the right to, and did, use and possess the Property as her residence and thus, was and still is entitled to the Florida homestead exemption.

## CONCLUSION

The issue before this Court is whether any grounds have been established to deny the Debtor's homestead exemption. The Court must consider the Debtor's entitlement to claim the homestead exemption as of the date she filed her petition in this bankruptcy case. On that date, the Debtor was the sole owner of the Property. She had continuously resided at the Property since June 28, 2000. As of August 10, 2000, the date on which title to the Property was

conveyed jointly to the Debtor and Solodko, the Debtor had every right to use and possess the Property as her residence, and did.

While Mukamal may have a claim against the Debtor to avoid a fraudulent transfer of Solodko's half interest in the Property to the Debtor, as of the Debtor's petition date, no final determination as to Mukamal's claim had been made. Therefore, on the issue of whether the Debtor is entitled to claim the Property exempt as of the date of her bankruptcy filing, this Court answers in the affirmative. Should Mukamal, at some later date, prevail on an action to avoid the July 15, 2009 transfer, then this Court may be required to make additional determinations with respect to Mukamal's interest in the Property. It is

ORDERED AND ADJUDGED that *Creditor's Objection to Claimed Exemptions and Motion to Compel Surrender and Turnover* is DENIED.

# # #

**Submitted by:**

**Jeffrey N. Schatzman, Esq.**
Schatzman & Schatzman, P.A.
Attorneys for the Debtor
9990 S.W. 77th Avenue, Penthouse 2
Miami, Florida 33156
(305) 670-6000
JSchatzman@Schatzmanlaw.com

Attorney Jeffrey N. Schatzman shall serve a copy of the signed order on all interested parties and file with the court a certificate of service.